IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| PAM BLACKBURN and ALAN SMITH, individually and on behalf of a class of similarly situated individuals,<br><br>    Plaintiffs,<br><br>vs.<br><br>CHAMPION PETFOODS USA, INC., and CHAMPION PETFOODS LP,<br><br>    Defendants. | No. 1:18-cv-00038–JEG-SBJ<br><br>O R D E R |

    Before the Court is a Motion to Dismiss, ECF No. 29, filed by Defendants Champion Petfoods USA, Inc., and Champion Petfoods LP (collectively, Champion), which Plaintiffs Pam Blackburn and Alan Smith resist. For the following reasons, the Court finds further briefing on the motion is necessary.

    Among other challenges raised in their motion and presented in their initial brief, Defendants argue that Plaintiffs have not alleged a cognizable injury. See Br. Supp. Mot. Dismiss 7, ECF No. 30 ("The lack of a cognizable theory of harm requires the [Amended Complaint] to be dismissed. . . . [T]he mere purchase of a product . . . is not enough in the Eighth Circuit to have standing to bring claims under the consumer protection statutes."). Although Plaintiffs had an opportunity to respond to this general argument in their resistance, Defendants cited an additional precedent—Wallace v. ConAgra Foods, Inc., 747 F.3d 1025 (8th Cir. 2014)—for the first time in their reply in support of their arguments that Plaintiffs have not alleged a legally cognizable harm. Plaintiffs have not had an opportunity to respond to Wallace, which may be relevant to the Court's analysis.

    The Court has "an independent duty to determine subject matter jurisdiction," including Article III standing. City of Kansas City, Mo. v. Yarco Co., 625 F.3d 1038, 1040 (8th Cir. 2010)

(citing United States v. Hays, 515 U.S. 737, 742 (1995)) ("Standing is a 'threshold inquiry' and 'jurisdictional prerequisite that must be resolved before reaching the merits of a suit.'" (quoting Medalie v. Bayer Corp., 510 F.3d 828, 829 (8th Cir. 2007))).  The Court finds it appropriate to afford the parties an opportunity to directly address the issue of Article III standing and the effect, if any, of Wallace.  The opportunity to file supplemental briefing is limited to that issue.

Based on the foregoing, the parties are **directed** to submit in writing to the Court briefing on whether the requirements of standing have been met and whether the Amended Complaint alleges legally cognizable injuries, particularly in light of Wallace.  Plaintiffs shall submit a written brief of no more than 10 pages on or before **December 15, 2020**.  Defendants shall submit a written brief of no more than 7 pages on or before **December 22, 2020**.

**IT IS SO ORDERED.**

Dated this 1st day of December, 2020.

JAMES E. GRITZNER, Senior Judge
U.S. DISTRICT COURT